# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **TOPAZ CRAIG DARDEN,** <br> **BOP Reg. # 56188-019,** <br>    Petitioner, <br> <br>    v. <br> <br> **D. J. HARMON, Warden, et al.,** <br>    Respondents. | **CIVIL ACTION NO.** <br> **1:18-CV-1158-ODE-JSA** <br> <br> <br> <br> <br> **HABEAS CORPUS** <br> **28 U.S.C. § 2241** |

## MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION

Petitioner, a federal prisoner with a projected release date of April 1, 2019, filed a 28 U.S.C. § 2241 habeas corpus petition on March 11, 2018, asking this Court to order the Bureau of Prisons ("BOP") to consider him on an individualized basis for pre-release under the Second Chance Act of 2007, 18 U.S.C. §§ 3621, 3624 ("the Act"), by applying the Act's five-factor test; and to order the BOP to grant him the Act's maximum pre-release stay of 12 months in a Residential Re-Entry Center ("RRC"). (Doc. 1 at 4, 6; *see* Doc. 1-1 at 1 *et seq.*; *id.* at 15 ("Although [C]ongess granted the BOP discretion in deciding each inmate's placement, that discretion is limited by requiring that each placement is 'of sufficient duration [not to exceed 12 months] to provide the greatest likelihood of successful re-integration into the community.' 18 U.S.C. §3642(c)(6). By increasing the placement period to 12

months and requiring the BOP to ensure that placements are long enough to provide 'the greatest likelihood of a successful re-integration,' [C]ongress intended that each inmate would be considered for a placement of the longest duration ─ 12 months ─ *although the ultimate [placement] may be less than 12 months . . . .*" (emphasis added)).

Besides acknowledging, as noted above, that a federal prisoner's RRC placement period is committed to the BOP's discretion, and in the exercise of that discretion may be less than 12 months, Petitioner also acknowledges that he failed to exhaust the BOP's administrative remedies before seeking federal habeas relief, although he argues that exhaustion should be excused as futile because the former BOP Director, Harley Lappin, opined in 2008 that "any time in an RRC beyond six months is not productive." (Doc. 1-1 at 5; *see id.* at 7-8, 9-14).

Respondent seeks dismissal of the petition for lack of subject matter jurisdiction, under the mootness doctrine; for failure to state a claim; and for failure to exhaust administrative remedies. (Doc. 5). Respondent argues that Petitioner's "principal claim" is moot because on April 23, 2018 he received an individualized assessment under the Act: "Petitioner's case manager reviewed [his] case based on the five statutory factors, and recommended RRC placement for 271 to 365 days." (*Id.* at 5; *see* Decl. of Florence Adams (Doc. 5-1) ¶¶ 4-8; Attachments A & B (Docs.

5-2, 5-3)).

Respondent next argues that "under the Second Chance Act, 'the decision as to how long a particular inmate will be placed in an RRC is left to the BOP's discretion, and that decision will not be disturbed by the federal courts.' " (quoting *Huggins v. Pastrana*, 09-22635-Civ-LENARD, 2010 U.S. Dist. LEXIS 115138, at *11 (S.D. Fla. Sept. 22, 2010)); *see also Pastrana*, 2010 U.S. Dist. LEXIS 115138, at *11-12 ("As the Third Circuit has noted, even if a federal prisoner should prevail on his RRC claim, he would be entitled only to an order requiring the BOP to consider ─ in good faith ─ whether or not [he] should be transferred to [an RRC] on an individualized basis in light of the statutory factors." (internal quotations omitted)).

Finally, Respondent argues that Petitioner's habeas petition should be dismissed because he failed to exhaust the BOP's administrative remedies before seeking federal habeas relief. (Doc. 5 at 8-9).

"[P]risoners seeking habeas relief, including relief pursuant to § 2241, are subject to administrative exhaustion requirements." *Skinner v. Wiley*, 355 F.3d 1293, 1295 (11th Cir. 2004) (affirming dismissal of federal prisoner's 28 U.S.C. § 2241 petition for failure to exhaust administrative remedies). The BOP, which is responsible for administering a federal prisoner's sentence, *see Gonzalez v. United*

*States*, 959 F.2d 211, 212 (11th Cir. 1992), has established a three-level administrative remedy procedure, which "[a]n inmate has not fully exhausted . . . until he has appealed through all three levels," *Irwin v. Hawk*, 40 F.3d 347, 349 n.2 (11th Cir. 1994) (discussing 28 C.F.R. § 542.10, .13-.15). A federal prisoner raising a habeas corpus challenge to the BOP's manner of executing his sentence must first exhaust the BOP's three-level administrative remedy procedure. *See Gonzalez*, 959 F.2d at 212 (affirming district court's dismissal of federal prisoner's unexhausted § 2241 petition; and rejecting petitioner's argument that exhaustion was unnecessary "because his presumptive release date had passed"); *see also Vasquez v. Strada*, 684 F.3d 431, 434 (3d Cir. 2012) ("Vasquez asked the District Court to direct the BOP to provide him with the maximum 12-month RRC placement. . . . [H]e was not merely challenging the construction of the Second Chance Act, or the BOP's implementation of the Federal prisoner reentry initiative. Exhaustion was required in his case, and [his] habeas corpus petition properly was dismissed for failing to exhaust administrative remedies.").

The same outcome is warranted here. It is undisputed that Petitioner did not exhaust his administrative remedies before proceeding to federal court. (*See* Doc. 1-1 at 8-14). His petition is due to be dismissed on that basis. A former BOP Director's 2008 comments about the RRC program hardly render the BOP's administrative

4

procedures futile to challenge the BOP's 2018 RRC placement decisions.[1] The Court notes also that Petitioner's request for an individualized assessment under the Act is now moot because he received that assessment soon after filing his petition. (*See* Doc. 5 at 5-6; Adams Decl. ¶¶ 4-8).

Finally, because an RRC placement decision is committed to the BOP's discretion, Petitioner may not prosecute a claim requesting this court to intercede in the BOP's decision regarding his RRC placement, concerning which there is no evidence that the BOP abused its discretion. *See Vasquez*, 684 F.3d at 434 ("We further agree with the District Court that Vasquez's habeas corpus petition lacks merit in any event. Our review is limited to whether the BOP abused its discretion."); *Craig v. United States*, 5:18-294-JMH, 2018 U.S. Dist. LEXIS 123462, at *4 (E.D. Ky. July 24, 2018) ("[B]efore a prisoner may seek habeas relief under Section 2241, he must first exhaust his administrative remedies within the BOP. Here, Craig fails to indicate whether he has even presented his request for RRC or home detention placement to the BOP. Even if he had made such a request to the BOP, the BOP's

---

[1] The Court takes judicial notice that Harley Lappin retired from the BOP in 2011. *See* www.forbes.com/sites/walterpavlo/2011/10/07/former-bureau-of-prisons-director-comes-out-of-retirement-for-private-prison/#216c98e94bd5 ("Bureau of Prisons (BOP) Director Harley Lappin (55) enjoyed a 25 year career of distinguished service when he announced that May 7, 2011 would mark the beginning of his retirement.").

determinations regarding halfway house placement are expressly insulated from judicial review under the APA. 18 U.S.C. § 3625." (citation omitted)); *Amirnazmi v. Scism*, 3:11-CV-273, 2011 U.S. Dist. LEXIS 135684, at *36 (M.D. Pa. May 5) ("[A]dopting the view invited by Amirnazmi, which calls for a particularized analysis and assessment of the wisdom of [BOP] policy guidance in the area of RRC placements[,] could draw the courts into an individualized assessment of each inmate's case against the five statutory factors, a result Congress could not have intended."), *adopted by* 2011 U.S. Dist. LEXIS 134244 (M.D. Pa. Nov. 21, 2011).

**Conclusion**

For the foregoing reasons, **IT IS RECOMMENDED** that Petitioner's 28 U.S.C. § 2241 habeas corpus petition (Doc. 1) be **DISMISSED without prejudice** because Petitioner failed to exhaust his administrative remedies.[2]

The Clerk is **DIRECTED** to terminate the referral to the Magistrate Judge.

**SO RECOMMENDED** this 29th day of August, 2018.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE

---

[2] A federal prisoner need not obtain a certificate of appealability to appeal the denial of a habeas corpus petition.